Gary M. Messing, Bar No. 75363
  gary@majlabor.com
Jason H Jasmine, Bar No. 215757
  jason@majlabor.com
D. Paul Bird II, Bar No. 202066
  paul@majlabor.com
**MESSING ADAM & JASMINE LLP**
235 Montgomery St., Suite 828
San Francisco, California 94104
Telephone:   415.266.1800
Facsimile:    415.266.1128

Attorneys for Plaintiff
ADOLFO MARTINEZ JIMENEZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ADOLFO MARTINEZ JIMENEZ, on behalf of himself and all similarly situated individuals,<br><br>          Plaintiff,<br><br>   v.<br><br>CITY OF PARLIER,<br><br>          Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>[29 U.S.C. §201 ET SEQ.]<br><br>JURY TRIAL DEMANDED |

## I.
## PRELIMINARY STATEMENT

1.    Plaintiff ADOLFO MARTINEZ JIMENEZ ("Plaintiff") was a non-exempt law enforcement officer employed by Defendant CITY OF PARLIER ("Defendant" or "CITY") and brings this action seeking a declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, ("Fair Labor Standards Act" or "FLSA").

## II.
## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred on this Court by 28 U.S.C. section 1331, 29 U.S.C. section 216(b), and 28 U.S.C. section 1337. This Court has subject matter jurisdiction pursuant to 29 U.S.C. section 207, *et seq.* Venue lies within this district pursuant to 28 U.S.C. section 1391.

## III.
## PARTIES

3. Plaintiff ADOLFO MARTINEZ JIMENEZ is a former non-exempt law enforcement officer employed by Defendant CITY OF PARLIER.

4. Plaintiff was a non-exempt CITY employee who is due compensation under the FLSA on a variety of schedules, including a partial overtime exemption under 29 U.S.C section 207(k) for law enforcement personnel.

5. Plaintiff has retained counsel competent and experienced in FLSA litigation.

6. Defendant CITY OF PARLIER is a political subdivision of the State of California, an "employer" within the meaning of 29 U.S.C. section 203(d), an "enterprise" under 29 U.S.C. section 203(r), and a "public agency" within the meaning of 29 U.S.C. section 203(x)

7. Defendant employed Plaintiff. Defendant implemented an illegal compensation computation method which undercounted Plaintiff's "regular rate" of pay. Defendant's method of calculating Plaintiff's "regular rate" of pay resulted in under-payment for overtime hours worked. Defendant permitted Plaintiff to perform overtime work without proper compensation.

## IV.
## FACTS

8. Plaintiff, while employed by CITY, was an "employee" within the meaning of 29 U.S.C. section 203(e)(1) and, thus, entitled to the rights, protections, and benefits provided under the FLSA.

9. From approximately March of 2012 until January of 2017, the CITY employed Plaintiff as its only K-9 police officer. During this time frame, Plaintiff routinely worked hours

above the applicable FLSA threshold – whether subject to a 207(k) or non-207(k) schedule – and in excess of his regularly scheduled hours.

10. From April of 2012 until early January of 2017, Plaintiff transported the canine to and from work, boarded the dog at his home, and trained, groomed, fed, and otherwise cared for the dog while off duty.

11. On October 25, 2017, the CITY and Plaintiff (the Parties) entered into a tolling agreement which preserved the Parties' respective statute of limitations defense existing as of the effective date of the tolling agreement.

12. From October of 2014 through March of 2015 and from the beginning of January 2017 to early January of 2017, when the canine died, the CITY did not pay Plaintiff for his time spent transporting, boarding, training, grooming, feeding, or otherwise caring for the dog while off duty.

13. The CITY was never exempt under the FLSA from compensating Plaintiff for transporting, boarding, training, grooming, feeding, or otherwise caring for the dog while off duty.

14. The CITY's failure to compensate Plaintiff for transporting, boarding, training, grooming, feeding, or otherwise caring for the canine while off duty impermissibly reduced the amount paid to Plaintiff both in his minimum wages as well as his overtime.

15. From April 2015 through December 2016, the CITY paid Plaintiff 30 minutes of his regular rate of pay each day for care of the canine (*i.e.*, 7 hours every two weeks). This was not reasonable compensation for his time spent transporting, boarding, training, grooming, feeding, or otherwise caring for the dog while off duty.

16. In early January of 2017, the canine died. The CITY did not compensate Plaintiff for transporting, boarding, training, grooming, feeding, or otherwise caring for the canine while off duty from the beginning of January until the time of the canine's death in early January.

17. The CITY was never exempt under the FLSA from paying Plaintiff reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for the dog while off duty.

18. The CITY's failure to pay Plaintiff reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for the canine while off duty impermissibly reduced the amount paid to Plaintiff both in his minimum wages as well as his overtime.

19. The CITY violated the FLSA and is liable to Plaintiff in the amount of his unpaid minimum wages, his unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. Section 216(b).

20. The CITY did not include all of the required additional compensation in the calculation of the "regular rate" of pay for Plaintiff as required by the FLSA. The CITY has thus failed to appropriately calculate the applicable "regular rate" and to pay Plaintiff the required premium overtime rate for all hours of overtime he worked.

21. From October of 2014 through January of 2017, Plaintiff is informed and believes that the CITY provided FLSA overtime pay to Plaintiff which was deficient (less overtime pay than should have been provided) due to the CITY using the wrong number of hours worked in the denominator when determining the regular hourly rate used to calculate the FLSA overtime pay provided. Plaintiff is informed and believes the CITY used total hours worked instead of using scheduled hours worked as applicable to Plaintiff. See *Walling v. Helmerich and Payne, Inc.* (1944) 323 U.S. 37, 39-40 ("[W]hile the words 'regular rate' are not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime week."), *Walling v. Youngerman-Reynolds Hardwood Co., Inc.* (1945) 325 U.S. 419, 423-424 (in which the Supreme Court noted the importance of not diminishing the value of overtime based on the number of hours worked when it stated, " . . . Section 7(a) achieves its dual purpose of inducing the employer to reduce the hours of work and to employ more men and of compensating the employees from the burden of a long work week."), *149 Madison Avenue Corp. v. Asselta* (1947) 331 U.S. 199, 204 (the court references the regular rate which "obviously mean[s] the hourly rate actually paid for the normal, non-overtime work week"), and *Frank v. McQuigg* (Ninth Cir. 1991) 950 Fed.2d 590, 597 (the court struck down the Postal Service's inclusion of total hours worked in the denominator); and *Scott v. District of New York* (S.D.N.Y. 2008) 592 Fed.Supp.2d 475.

22. At all times relevant hereto, the CITY and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiff.

23. The CITY's failure to properly compensate Plaintiff was not in good faith and was a willful violation of the FLSA as it applies to employees of local governments.

24. As a result of the foregoing violations of FLSA, Plaintiff seeks damages for minimum wages, unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b).

**FIRST COUNT**

**The CITY Violated 29 U.S.C. Sections 201, *et seq.*, including Section 207 by Failing to Compensate Plaintiff for the Care of His Canine and, Thus, Failed to Accurately Calculate Plaintiff's Regular Rate and Overtime Rate of Compensation**

25. Plaintiff hereby incorporates by reference paragraphs 1 through 24 in their entirety and restates them here.

26. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. section 201, *et seq*.

27. From October of 2014 through March of 2015 and from the beginning to early January of 2017, the CITY failed and refused to compensate Plaintiff for transporting, boarding, training, grooming, feeding, or otherwise caring for his canine while off duty.

28. The CITY was never exempt under the FLSA from compensating Plaintiff or transporting, boarding, training, grooming, feeding, or otherwise caring for the dog while off duty.

29. From October of 2014 through March of 2015 and from the beginning to early January of 2017 when Plaintiff worked hours in excess of his regular schedule, he was entitled to overtime compensation at a rate of one and one-half times his regular rate of pay for each additional hour or fraction thereof worked. (29 U.S.C. § 207; 29 C.F.R. § 553.230.)

30. From October of 2014 through March of 2015 and from the beginning of January 2017 to early January of 2017, the CITY failed and refused to provide Plaintiff with overtime compensation at a rate of one and one-half times his regular rate of pay by failing to include

compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for his canine while off duty in their calculation of his regular rate.

31. The CITY's failure to compensate Plaintiff for transporting, boarding, training, grooming, feeding, or otherwise caring for the canine while off duty impermissibly reduced the amount paid to Plaintiff both in his minimum wages as well as his overtime.

32. The CITY's refusal to provide overtime pay at the proper rate to Plaintiff for the hours he worked in excess of his regular schedules wrongly deprives Plaintiff of the FLSA overtime compensation that is due to him at times material herein.

33. Plaintiff is unable to provide an exact accounting of the amount owed to him as his employment and work records are in the exclusive possession, custody and control of the CITY. The CITY is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

## SECOND COUNT

**The CITY Violated 29 U.S.C. Sections 201, *et seq.*, including Section 207 by Failing to Reasonably Compensate Plaintiff for the Care of His Canine and, Thus, Failed to Accurately Calculate Plaintiff's Regular Rate and Overtime Rate of Compensation**

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 in their entirety and restates them here.

35. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. section 201, *et seq*.

36. From April 2015 through December 2016, the CITY paid Plaintiff 30 minutes of his regular rate of pay each day for care of the canine (*i.e.*, 7 hours every two weeks). This was not reasonable compensation for his time spent transporting, boarding, training, grooming, feeding, or otherwise caring for the dog while off duty.

37. The CITY was never exempt under the FLSA from paying Plaintiff reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for the dog while off duty.

38. From April 2015 through December 2016 when Plaintiff worked hours in excess of his regular schedule, he was entitled to overtime compensation at a rate of one and one-half times

his regular rate of pay for each additional hour or fraction thereof worked.  29 U.S.C. § 207 and 29 C.F.R. § 553.230.

39. From April 2015 through December 2016, the CITY failed and refused to provide Plaintiff with overtime compensation at a rate of one and one-half times his regular rate of pay by failing to include reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for his canine while off duty in their calculation of his regular rate.

40. The CITY's failure to pay Plaintiff reasonable compensation for transporting, boarding, training, grooming, feeding, or otherwise caring for the canine while off duty impermissibly reduced the amount paid to Plaintiff both in his minimum wages as well as his overtime.

41. The CITY's refusal to provide overtime pay at the proper rate to Plaintiff for the hours he worked in excess of his regular schedules wrongly deprives Plaintiff of the FLSA overtime compensation that is due to him at times material herein.

42. Plaintiff is unable to provide an exact accounting of the amount owed to him as his employment and work records are in the exclusive possession, custody and control of the CITY. The CITY is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

### THIRD COUNT

**The CITY Violated 29 U.S.C. Sections 201, *et seq.*, by Failing to Include the Correct Denominator to Calculate Plaintiff's Regular Rate of Pay**

43. Plaintiff hereby incorporates by reference paragraphs 1 through 42 in their entirety and restates them here.

44. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. section 201, *et seq*.

45. From October of 2014 through January of 2017, Plaintiff is informed and believes that the CITY provided FLSA overtime pay to Plaintiff which was deficient (less overtime pay than should have been provided) due to the CITY using the wrong number of hours worked in the denominator when determining the regular hourly rate used to calculate the FLSA overtime pay

provided. Plaintiff is informed and believes the CITY used total hours worked instead of using scheduled hours worked as applicable to Plaintiff. See *Walling v. Helmerich and Payne, Inc.* (1944) 323 U.S. 37, 39-40 ("[W]hile the words 'regular rate' are not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime week."), *Walling v. Youngerman-Reynolds Hardwood Co., Inc.* (1945) 325 U.S. 419, 423-424 (in which the Supreme Court noted the importance of not diminishing the value of overtime based on the number of hours worked when it stated, " . . . Section 7(a) achieves its dual purpose of inducing the employer to reduce the hours of work and to employ more men and of compensating the employees from the burden of a long work week."), *149 Madison Avenue Corp. v. Asselta* (1947) 331 U.S. 199, 204 (the court references the regular rate which "obviously mean[s] the hourly rate actually paid for the normal, non-overtime work week"), and *Frank v. McQuigg* (Ninth Cir. 1991) 950 Fed.2d 590, 597 (the court struck down the Postal Service's inclusion of total hours worked in the denominator); and *Scott v. District of New York* (S.D.N.Y. 2008) 592 Fed.Supp.2d 475.

46. The CITY's refusal to provide overtime pay at the proper rate to Plaintiff for the hours he worked in excess of his regular schedules wrongly deprives Plaintiff of the FLSA overtime compensation that is due to him at times material herein.

47. Plaintiff is unable to provide an exact accounting of the amount owed to him as his employment and work records are in the exclusive possession, custody and control of the CITY. The CITY is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

### FOURTH COUNT

**The CITY Willfully and in Bad Faith Violated 29 U.S.C. Section 207 And Is Liable for Plaintiff's Back Pay, Overtime Compensation, Liquidated Damages, Interest, Reasonable Attorneys' Fees and the Costs of this Action.**

48. Plaintiff hereby incorporates by reference paragraphs 1 through 47 in their entirety and restates them here.

49. At all relevant times, the CITY has been aware of the provisions of the FLSA.

50. At all times relevant, the CITY and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiff.

51. The CITY's failure to compensate Plaintiff from October of 2014 through March of 2015 and from the beginning of January 2017 to early January of 2017 for transporting, boarding, training, grooming, feeding, or otherwise caring for his canine while off duty was not in good faith and was a willful violation of the FLSA as it applies to employees of local governments.

52. The CITY's failure to reasonably compensate Plaintiff from April 2015 through December 2016 for transporting, boarding, training, grooming, feeding, or otherwise caring for his canine while off duty was not in good faith and was a willful violation of the FLSA as it applies to employees of local governments.

53. The CITY's actions and omissions as alleged herein were knowing, willful, bad faith, and reckless violations of 29 U.S.C. section 207 within the meaning of 29 U.S.C. section 255(a).

54. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by the CITY from Plaintiff for which the CITY is liable pursuant to 29 U.S.C. sections 216(b) and 255.

55. The CITY is additionally liable for an equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests from the Court the following relief:

1. A declaratory judgment declaring that the CITY has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived Plaintiff of his rights, protections and entitlements under federal law, as alleged herein, and Plaintiff is entitled to recover damages under a three (3) year statute of limitations;

2. An order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled;

3. Judgment against the CITY awarding Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his unpaid compensation, plus pre-judgment and post-judgment interest pursuant to 29 U.S.C. section 216(b) for the period of October of 2014 through March of 2015 and from the beginning of January 2017 to early January of 2017 for the CITY'S failure to compensate Plaintiff for transporting, boarding, training, grooming, feeding, or otherwise caring for his canine while off duty;

4. Judgment against the CITY awarding Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his unpaid compensation, plus pre-judgment and post-judgment interest pursuant to 29 U.S.C. section 216(b) for the period of April 2015 until December 2016 for the CITY'S failure to reasonably compensate Plaintiff for transporting, boarding, training, grooming, feeding, or otherwise caring for his canine while off duty.

5. An award of reasonable attorneys' fees as well as costs in this action pursuant to 29 U.S.C. section 216(b); and

6. An award granting such other further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury on all claims presented in this Complaint.

Dated: February 8, 2018       MESSING ADAM & JASMINE LLP

By _____
GARY M. MESSING
JASON H JASMINE
D. PAUL BIRD II
Attorneys for Plaintiff
ADOLFO MARTINEZ JIMENEZ