Mark K. Kitabayashi, SBN 125822
mkitabayashi@lozanosmith.com
Mary F. Lerner, SBN 235951
mlerner@lozanosmith.com
LOZANO SMITH
7404 N. Spalding Avenue
Fresno, CA 93720-3370
Tel: 559-431-5600
Fax: 559-261-9366

Attorneys for Defendant CITY OF PARLIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADOLFO MARTINEZ JIMENEZ,

  Plaintiff,

vs.

CITY OF PARLIER

  Defendant.

Case No.: 1:18-CV-00210-DAD-EPG

Assigned to the Hon. Dale A. Drozd

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**

**[Demand for Jury Trial]**

Defendant CITY OF PARLIER, ("Defendant"), a public entity, hereby answers the Complaint for Damages and Declaratory Relief filed by Plaintiff ADOLFO MARTINEZ JIMENEZ ("Plaintiff"), as follows:

1. In response to paragraph 1, page 1 of the Complaint, Defendant admits Plaintiff was a former law enforcement officer employed by Defendant. Defendant admits the United States Code ("USC") and the Fair Labor Standards Act ("FLSA") speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. Except as expressly admitted herein, Defendant denies generally and specifically each and every remaining allegation as contained in the paragraph.

2. In response to paragraph 2, page 2, of the Complaint, Defendant admits this Court has subject matter jurisdiction over the Plaintiff's claims and that venue lies with this Court to the extent the statute of limitations has not expired.

3. In response to paragraph 3, page 2, of the Complaint, Defendant admits Plaintiff is a former enforcement officer of the Defendant. Except as expressly admitted herein, Defendant denies generally and specifically each and every remaining allegation as contained in the paragraph.

4. In response to paragraph 4, page 2, of the Complaint, Defendant admits the USC and FLSA speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. Except as expressly admitted herein, Defendant denies generally as specifically each and every remaining allegation as contained in the paragraph.

5. In response to paragraph 5, page 2, of the Complaint, Defendant admits it appears Plaintiff had an attorney file the operative complaint in this matter. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's attorney is competent and experienced in FLSA litigation.

6. In response to paragraph 6, page 2, of the Complaint, Defendant admits the USC speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC.

7. In response to paragraph 7, page 2, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

8. In response to paragraph 8, page 2, of the Complaint, Defendant admits Plaintiff was an employee. Defendant admits the USC and FLSA speaks for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and FLSA.

9. In response to paragraph 9, page 2 and 3 of the Complaint, Defendant admits that Plaintiff was employed as a canine police officer. Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA.

10. In response to paragraph 10, page 3, of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies generally and specifically each and every remaining allegation contained in said paragraph.

11. In response to paragraph 11, page 3, of the Complaint, Defendant admits it entered into a tolling agreement with Plaintiff. However, the tolling agreement expressly states "Notwithstanding any current deadline for either Party to file a lawsuit or action arising from, or in connection with the K9 pay Dispute, the Parties hereby covenant and agree that the running of any applicable or statutory statute of limitation is tolled and suspended from the Effective Date of this Agreement until the close of business on January 31, 2018. The Complaint in this matter was filed on February 8, 2018. As to the remaining allegations, Defendant denies each and every remaining allegation contained in said paragraph.

12. In response to paragraph 12, page 3, of the Complaint, Defendant admits the canine died. As to the remaining allegations, Defendant denies each and every remaining allegation contained in said paragraph.

13. In response to paragraph 13, page 3, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA.

14. In response to paragraph 14, page 3, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

15. In response to paragraph 15, page 3, of the Complaint, Defendant admits it did compensate Plaintiff for canine care although such compensation was never authorized by the City

Council. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

16. In response to paragraph 16, page 3, of the Complaint, Defendant admits the canine died. As to the remaining allegations, Defendant denies each and every remaining allegation contained in said paragraph.

17. In response to paragraph 17, page 3, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA.

18. In response to paragraph 18, page 4, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

19. In response to paragraph 19, page 4, of the Complaint, Defendant admits the USC and FLSA speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. Except as expressly admitted herein, Defendant denies generally and specifically each and every remaining allegation as contained in the paragraph.

20. In response to paragraph 20, page 4, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

21. In response to paragraph 21, page 4, of the Complaint, Defendant admits the FLSA and case law speaks for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth in case law or by the

FLSA. Except as expressly admitted herein, Defendant denies generally as specifically each and every remaining allegation as contained in the paragraph.

22. In response to paragraph 22, page 5 of the Complaint, Defendant admits that overtime laws speak for themselves, and contain directives, prohibitions and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language set forth in such laws. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

23. In response to paragraph 23, page 5, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

24. In response to paragraph 24, page 5, of the Complaint, Defendant admits Plaintiff seeks damages as stated. Defendant admits the USC and FLSA speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

25. In response to paragraph 25, page 5, of the Complaint, Defendant admits Plaintiff incorporates by reference all previously stated paragraphs.

26. In response to paragraph 26, page 5, of the Complaint, Defendant admits the USC and FLSA speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

27. In response to paragraph 27, page 5, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

28. In response to paragraph 28, page 5, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

29. In response to paragraph 29, page 5 of the Complaint, Defendant admits the USC speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

30. In response to paragraph 30, page 5 and 6 of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

31. In response to paragraph 31, page 6, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

32. In response to paragraph 32, page 6, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

33. In response to paragraph 33, page 6, of the Complain, Defendant admits the USC, the FLSA and the United States Department of Labor regulations speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC, the FLSA and the United States Department of Labor regulations. As to the remaining allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies generally and specifically each and every allegation contained in said paragraph.

34. In response to paragraph 34, page 6, of the Complaint, Defendant admits Plaintiff incorporates by reference all previously stated paragraphs.

35. In response to paragraph 35, page 6, of the Complaint, Defendant admits the USC and FLSA speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

36. In response to paragraph 36, page 6, of the Complaint, Defendant admits it did compensate Plaintiff for canine care although such compensation was never authorized. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegations contained in said paragraph.

37. In response to paragraph 37, page 6, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

38. In response to paragraph 38, page 6 and 7, of the Complaint, Defendant admits the USC and Code of Federal Regulations ("CFR") speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the CFR. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

39. In response to paragraph 39, page 7, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

40. In response to paragraph 40, page 7, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600  Fax 559-261-9366

41. In response to paragraph 41, page 7, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

42. In response to paragraph 42, page 7, of the Complaint, Defendant admits the USC, the FLSA and the United States Department of Labor regulations speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC, the FLSA and the United States Department of Labor regulations. As to the remaining allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies generally and specifically each and every allegation contained in said paragraph.

43. In response to paragraph 43, page 7, of the Complaint, Defendant admits Plaintiff incorporates by reference all previously stated paragraphs.

44. In response to paragraph 44, page 7, of the Complaint, Defendant admits the USC and FLSA speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

45. In response to paragraph 45, page 7 and 8, of the Complaint, Defendant admits the FLSA and case law speaks for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth in case law or by the FLSA. Except as expressly admitted herein, Defendant denies generally as specifically each and every remaining allegation as contained in the paragraph.

46. In response to paragraph 46, page 8, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

47. In response to paragraph 47, page 8, of the Complaint, Defendant, Defendant admits the USC, the FLSA and the United States Department of Labor regulations speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC, the FLSA and the United States Department of Labor regulations. As to the remaining allegations, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies generally and specifically each and every allegation contained in said paragraph.

48. In response to paragraph 48, page 8, of the Complaint, Defendant admits Plaintiff incorporates by reference all previously stated paragraphs.

49. In response to paragraph 49, page 8, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admission, Defendant generally and specifically denies and objects to Plaintiff's attempt to characterize, expand, or modify the language or statutory requirements set forth in the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

50. In response to paragraph 50, page 9, of the Complaint, Defendant admits that applicable laws speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admission, Defendant generally and specifically denies and objects to Plaintiff's attempt to characterize, expand, or modify the language or statutory requirements set forth in applicable laws. As to the remaining allegations, Defendant generally and specifically denies each and every allegation contained in said paragraph.

51. In response to paragraph 51, page 9, of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

52. In response to paragraph 52, page 9, of the Complaint, Defendant admits the FLSA speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admission, Defendant generally and specifically denies and objects to Plaintiff's attempt to characterize, expand, or modify the language or statutory requirements set forth in the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

53. In response to paragraph 53, page 9, of the Complaint, Defendant admits the USC speaks for itself, and contains directives, prohibitions, and general requirements. Apart from said admission, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth in the USC. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

54. In response to paragraph 54, page 9 of the Complaint, Defendant admits the USC and FLSA speak for themselves, and contain directives, prohibitions, and general requirements. Apart from said admissions, Defendant generally and specifically denies and objects to Plaintiff's attempts to characterize, expand, or modify the language or statutory requirements set forth by the USC and the FLSA. As to the remaining allegations, Defendant generally and specifically denies each and every remaining allegation contained in said paragraph.

55. In response to paragraph 55, page 9 of the Complaint, Defendant denies generally and specifically each and every allegation contained in said paragraph.

56. In response to the Prayer for Relief stated on page 9, lines 20-27 and page 10, lines 1-14, of the Complaint, Defendant admits that the Complaint seeks the relief requested therein. Except as expressly admitted herein, Defendant denies generally and specifically each and every remaining allegation contained in said paragraphs.

57. In response to the Jury Trial Demand stated on page 10, lines 15-17, of the Complaint, Defendant admits that Plaintiff has requested a trial by jury.

As separate affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state facts sufficient to constitute a cause of action or claim, or any cause of action or claim, against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the expiration of the applicable statute(s) of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff has failed to plead, or exhaust, the required administrative remedies necessary in order to prevail upon any of the causes of action alleged in his Complaint, and thus Plaintiff's Complaint, and each cause of action alleged therein, is barred.

## FOURTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant is immune from suit and/or liability for each of the causes of action alleged in the Complaint by reason of, inter alia, Government Code sections 815, 815.2(b), and 818.8.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint and each of its causes of action are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

By his acts, conduct and omissions to act, Plaintiff is estopped from any form of recovery or relief under any of the causes of action set forth in his Complaint.

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600  Fax 559-261-9366

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT — - 11 - — Adolfo Martinez Jimenez v. City of Parlier
Case No.: 1:18-CV-00210-DAD-EPG

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred by the doctrine of laches from any form of recovery or relief under any of the causes of action set forth in his Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's Complaint and each of its causes of action are barred, either in whole, or in part, by Plaintiff's failure to mitigate his alleged damages, losses or injuries he allegedly suffered under the causes of action in his Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Lawful Actions)

Plaintiff is barred from asserting the claims alleged in the Complaint, and from obtaining the relief sought in the Complaint, as Defendant's actions were and are privileged, immune, justifiable, based solely on good faith, and otherwise lawful.

## TENTH AFFIRMATIVE DEFENSE

### (Good Cause)

Plaintiff' Complaint and each of its causes of action are barred because all acts of the Defendant and its representatives affecting the terms and/or conditions of Plaintiff's employment, if any, were privileged and done with good cause.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with State and Federal Law)

At all times relevant to the Complaint, Defendant has properly complied with California and Federal law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intentional Conduct of Plaintiff)

Plaintiff's incidents, if any there were, and the damages and injuries alleged by Plaintiff were caused by the intentional conduct of Plaintiff and/or the Police Officer's Association.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Frivolous Claims)**

(As to All Causes of Action Alleged Against Defendant)

Defendant is informed and believes and thereon alleges that Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact and law. Defendant is further informed and believes and thereon alleges that this lawsuit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant. Accordingly, Defendant is entitled to attorney's fees and other appropriate costs and expenses.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

(As to All Causes of Action Alleged Against Defendant)

To the extent Defendant acted or omitted to act in connection with Plaintiff, Defendant did not violate any clearly established statutory or constitutional right of Plaintiff, and Defendant's conduct was objectively reasonable under the circumstances, such that they are immune from liability for the acts alleged in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Immunity for Discretionary Acts)**

(As to All Causes of Action Alleged Against Defendant)

Defendant is immune from any liability to Plaintiff for acts or omissions resulting from the exercise of discretion pursuant to Cal. Gov. Code §§815.2 and 820.2, et seq.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks proper standing in this action to bring suit.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant alleges that the Complaint and each of its causes of action are barred by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Acts Privileged)**

1   Defendant alleges that at all times relevant to this action, the acts complained of, if any there
2   were, were privileged under the applicable statutes and case law.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Defendant Acted with Consent)**

Defendant alleges that any and all acts by Defendant, or performed on behalf of Defendant, was consented to expressly, impliedly, and constructively by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Business Judgment)**

Plaintiff's Complaint and each of its causes of action are barred, either in whole or in part because any and all acts taken by Defendant affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity and/or the result of business judgment exercised in good faith upon reasonable information provided to Defendant and its representatives, and in an effort to comply with legal requirements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Managerial Discretion)**

Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion, undertaken for fair and honest reasons and regulated by good faith under the circumstances that existed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(No Breach of Duty)**

Defendant did not directly or indirectly perform or fail to perform any acts that constitute a violation of any rights, if any, of Plaintiff, or a violation of any duty or obligation, if any, owed to Plaintiff.

### RESERVATION OF RIGHT

Defendant reserves the right to assert additional affirmative defenses should they become aware of any such additional defenses during the course of discovery in this action.

WHEREFORE, Defendant respectfully requests that the Court:

---

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT — - 14 - — Adolfo Martinez Jimenez v. City of Parlier
Case No.: 1:18-CV-00210-DAD-EPG

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

1. Dismiss Plaintiff's Complaint with prejudice;

2. Order that Plaintiff take nothing from his Complaint;

3. Judgment be rendered in favor of Defendant;

4. Award Defendant all costs of suit incurred herein;

5. Award Defendant attorney's fees as permitted by statute or decisional law; and

6. Grant such other relief that the Court may deem just and proper.

Dated: March 7, 2018     Respectfully submitted,

LOZANO SMITH

By:  /S/
MARK K. KITABAYASHI
MARY F. LERNER
Attorneys for Defendant City of Parlier

J:\wdocs\01909\033\PLD\00558054.DOC